UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DONNA RUSSO-LUBRANO,

                Plaintiff,        **ORDER**

  - v -

                                      CV-06-672 (CPS)(VVP)

BROOKLYN FEDERAL SAVINGS BANK, et al.,

                Defendants.
------------------------------------------------------------------x

      In accordance with the court's schedule, the parties have made motions to compel production of disputed items of discovery, upon which the court rules below:

Plaintiff's Discovery Requests

      The only issue raised by the plaintiff concerning the defendant's responses to her discovery requests involves the defendants' objection to request no. 20, which sought a list of all persons terminated from employment from January 1, 2001 to January 1, 2006 together with (a) their position at time of termination, (b) their gender, and (c) the reason for their termination. The defendants objected on numerous grounds, including relevance and overbreadth, but in partial response has now provided the requested information with respect to persons terminated by the same decisionmakers who the plaintiff alleges were involved in the decision to terminate her. The plaintiff contends that the request seeks "comparator information" to which she is entitled. She makes no effort to demonstrate, however, how the persons about whom she seeks termination information are proper comparators, that is, persons who are similarly situated to her. *See, e.g., Shumway v. United Parcel Service, Inc.*, 118 F.3d 60, 64 (2nd Cir.1997) ("To be "similarly situated," the individuals with whom Shumway attempts to compare herself must be similarly situated in all material respects."); *Lizardo v. Denny's, Inc.*, 270 F.3d 94, 101 (2nd Cir. 2001) (key for being proper comparators is that they be similar in significant respects). Typically, a key determinant as to the employees who are proper comparators with an employment discrimination plaintiff is whether they shared a common supervisor. *E.g., Shumway*, 118 F.3d at 64. The defendants here have provided information as to the terminations of other employees who apparently shared the same supervisors as the plaintiff, and who are

therefore likely to be the appropriate comparators. Thus, unless the plaintiff can supply a basis for a finding that any, or all, of the other persons about whom she is requesting termination information are reasonably likely to be proper comparators, the information provided by the defendants appears to be sufficient.

Defendants' Discovery Requests

As an initial matter, the plaintiff suggests that the defendant's request for judicial intervention is premature, and that the defendant should have joined in the plaintiff's proposal to request a two-week extension of the July 9, 2007 deadline set by the court for making motions addressed to written discovery. The court disagrees. The court discussed the scheduling order with the parties and adopted the interim deadlines for service of requests for written discovery, service of responses to those requests, and motions addressed to those requests in recognition of previous difficulties encountered by the court in achieving prompt attention to such initial requests. The defendant should not be faulted for complying with the deadlines. It appears from the plaintiff's July 10 letter, on the other hand, that the plaintiff's counsel waited until *after* the deadline for service of responses before even meeting with their client to discuss the requests and review documents responsive to the requests. The scheduling order clearly did not contemplate that sort of approach to this aspect of discovery.

*Interrogatories*: The plaintiff has failed to respond to the defendant's interrogatories within the time prescribed by the Federal Rules of Civil Procedure. Accordingly, the plaintiff is hereby ordered to provide complete written responses to the interrogatories within ten days. No information responsive to the interrogatories may be withheld from disclosure on the basis of any objection, all objections having been waived by the failure timely to respond to the above discovery requests. Fed. R. Civ. P. 33(b)(4). Information may be withheld only on the basis of privilege, but the assertion of privilege must be accompanied by a log setting forth the information required by Local Civil Rule 26.2.

*Document Requests*: The plaintiff did serve responses to the defendant's document requests, and promised to supplement the responses. All such supplementation, including production of responsive documents, shall be completed within ten days. The defendant also challenged the plaintiff's objections to requests 4, 8, 12, 14 and 26. In her July 10 letter in response to the defendant's motion, however, the plaintiff has essentially withdrawn her

objections to all but the last request, and advised that her supplemental responses would so state and would provide responsive documents. The deadline above applies to such supplementation and production of documents. As to request 26, the plaintiff's objection to the breadth of the time period for which medical information is sought is sustained. The plaintiff's proposal to provide information, including documents and authorizations, regarding medical treatment dating back to 2001 is approved. If review of those records provides a basis for discovery of specific types of information predating 2001, the defendant may raise the issue with the court.

The defendants' request for an award of attorneys' fees and costs is denied. Except for the failure to provide answers to interrogatories, the positions taken by the plaintiff concerning the defendants' discovery requests were not unreasonable. As to the interrogatories, the ruling that the plaintiff is now deemed to have waived all objections to the interrogatories is sufficient sanction for her failure timely to respond.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
July 23, 2007